AA_answer1.Doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VIRGIN ENTERPRISES LIMITED,

           Plaintiff,

v.

VIRGIN BEAUTY INDUSTRIES LTD.,
SUNG JIN CHON a/k/a " JAMES CHON, WILLIAM
KIM d/b/a HAPPY BEAUTY TOWN, AFRICAN
ANGEL, INC. BUKKY HAMED d/b/a BUKKY
ENTERPRISES, ADEFOLORUNSHO TECHNICAL
ENTERPRISES LIMITED, JOHN KANG, and
BEAUTY AND COSMETIC NETWORK, CORP.,

           Defendants.
-----------------------------------------------------------------------X

ECF CASE

07 Civ. 3340 (RJH)

ANSWER FOR DEFENDANT
AFRICAN ANGEL, INC.

(Jury Demand)

**Defendant, African Angel, Inc.** (hereinafter, the "Defendant" or "African"), by its attorney, hereby answers the First Amended Complaint dated May 21, 2007 and served May 23, 2007 (the "Complaint") of Plaintiff, Virgin Enterprises Limited (hereinafter, the "Plaintiff" or "Virgin" as follows:

1.    DENIES having information sufficient to form a belief as to each of the allegations in ¶ 1 of the Complaint.

2.    DENIES having information sufficient to form a belief as to each of the allegations in ¶ 2 of the Complaint.

3.    DENIES having information sufficient to form a belief as to each of the allegations in ¶ 3 of the Complaint.

4.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 4 of the Complaint.

5.   ADMITS each of the allegations in ¶ 5 of the Complaint.

6.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 6 of the Complaint.

7.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 7 of the Complaint.

8.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 8 of the Complaint.

9.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 9 of the Complaint.

10.   ADMITS that the Plaintiff's action is alleged to have arisen under various statutes and law, but DENIES each of any other allegations in ¶ 10 of the Complaint.

11.   ADMITS each of the allegations in ¶ 11 of the Complaint, except denies that there is subject matter jurisdiction and denies that the amount in controversy is in excess of $75,000. The amount in controversy is under $1,000.

### FIRST CAUSE OF ACTION

12.   DENIES having information sufficient to form a belief as to each of the allegations in ¶ 12 of the Complaint.

13. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 13 of the Complaint.

14. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 14 of the Complaint.

15. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 15 of the Complaint.

16. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 16 of the Complaint, including subparagraphs "(a)" through "(s)".

17. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 17 of the Complaint.

18. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 18 of the Complaint. Defendant purchased only 5 cases (60 units per case, for a total of 300 units of Hair Fertilizer) and believed that the items purchased were lawfully sold to the Defendant as a lawful import into the United States. The total purchase price was $1,050; 1 case remains unsold; and Defendant's gross profit on the resold units was a total of $240 (at $1/unit).

19. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 19 of the Complaint. See paragraph 18 above.

20. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 20 of the Complaint. See paragraph 18 above.

21. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 21 of the Complaint. See paragraph 18 above.

22. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 22 of the Complaint. See paragraph 18 above.

23. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 23 of the Complaint. See paragraph 18 above.

## SECOND CAUSE OF ACTION

24. Paragraphs 1-23, above, are realleged and incorporated by reference as if set forth in full.

25. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 25 of the Complaint.

## THIRD CAUSE OF ACTION

26. Paragraphs 1-25, above, are realleged and incorporated by reference as if set forth in full.

27. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 27 of the Complaint.

28. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 28 of the Complaint.

29. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 29 of the Complaint.

## FOURTH CAUSE OF ACTION

30. Paragraphs 1-29, above, are realleged and incorporated by reference as if set forth in full.

31. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 31 of the Complaint.

## FIFTH CAUSE OF ACTION

32. Paragraphs 1-31, above, are realleged and incorporated by reference as if set forth in full.

33. DENIES having information sufficient to form a belief as to each of the allegations in ¶ 33 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

34.. Lack of subject matter jurisdiction. The amount in controversy (exclusive of interest and costs) is about $1,000. See paragraph 18 above. Defendant's gross profit on the 5 cases of Virgin Hair Fertilizer purchased by Defendant is $240 (with one case still unsold).

5

### 2nd Affirmative Defense

35.  *De minimis* as to Plaintiff's alleged monetary damages. See paragraph 18 above. Defendant's gross profit on the 5 cases of Virgin Hair Fertilizer purchased by Defendant is $240 (with one case still unsold).

### 3rd Affirmative Defense

36..  Punitive damages are de minimis, a total of 3 times $240.

### 3rd Affirmative Defense

37..  Failure to state a claim.

### PRAYER

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

## Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       June 22, 2007

_____
Carl E. Person   (CP  7637)
Attorney for Defendant, African Angel, Inc.
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VIRGIN ENTERPRISES LIMITED,

        Plaintiff,

v.

VIRGIN BEAUTY INDUSTRIES LTD.,
SUNG JIN CHON a/k/a " JAMES CHON, WILLIAM
KIM d/b/a HAPPY BEAUTY TOWN, AFRICAN
ANGEL, INC. BUKKY HAMED d/b/a BUKKY
ENTERPRISES, ADEFOLORUNSHO TECHNICAL
ENTERPRISES LIMITED, JOHN KANG, and
BEAUTY AND COSMETIC NETWORK, CORP.,

        Defendants.
------------------------------------------------------------------x

ECF CASE

07 Civ. 3340 (RJH)

**PROOF OF SERVICE**

I, Carl E. Person, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on June 20, 2007, I served a true copy of the foregoing

### ANSWER

dated June 22, 2007, on the attorneys for the Plaintiff, Virgin Enterprises Limited, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

        James W. Dabney, Esq.
        Fried, Frank, Harris, Shriver & Jacobson LLP
        One New York Plaza
        New York NY  10004-1980

Dated: New York, New York
       June 22, 2007

                                By _____
                                       Carl E. Person (CP 7637)