UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
VIRGIN ENTERPRISES LIMITED,                    :
:
Plaintiff,              :
:    **ECF CASE**
-against-                :
:    07 Civ. 3340 (RJH)
VIRGIN BEAUTY INDUSTRIES LTD., et al.,          :
:
Defendants.             :
:
-------------------------------------------------------------------x

# DECLARATION OF JAMES W. DABNEY

  1.  My name is James W. Dabney. I am a member of the Bar of this Court and of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel for plaintiff Virgin Enterprises Limited ("VEL") in this action. I make this declaration in support of VEL's application for issuance of a final judgment and permanent injunction order against defaulting defendants Virgin Beauty Industries Ltd. ("Virgin Beauty") and Adefolorunsho Technical Enterprises Limited ("ATE").

  2.  This is an action for trademark infringement and related torts. VEL is the owner of multiple United States trademark and service mark registrations of the word VIRGIN, including U.S. Reg. No. 3,174,388 for VIRGIN as applied to, among other things, non-medicated preparations for the care of the scalp.

  3.  According to the Amended Complaint, defendants Virgin Beauty and ATE are Nigerian corporations that have used VIRGIN as a spurious designation of the origin of "hair fertilizer" products sold in United States commerce. VEL alleges, and defendants Virgin Beauty

and ATE have not denied, that Virgin Beauty's and ATE's use VIRGIN as a purported designation for "hair fertilizer" products sold in United States commerce is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Virgin Beauty and ATE with VEL, or as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by VEL.

4. The Court has subject matter jurisdiction to hear this action under at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. The Court has personal jurisdiction over defendants Virgin Beauty and ATE under at least Fed. R. Civ. P. 4(k) and CPLR 302(a), in that the defendants are alien corporations that have sold accused VIRGIN-branded products in United States commerce, some of which products were shipped to New York-based distributors. Original co-defendants Sung Jin Chong, Happy Beauty Town, John Kang, and Beauty and Cosmetic Network, Corp. were each New York-based distributors of VIRGIN "Hair Fertilizer" products, the packaging of which products identified defendants Virgin Beauty and ATE as the origin thereof.

6. Annexed hereto as Exhibit 1 is a copy of the original Complaint in this action filed April 26, 2007.

7. Annexed hereto as Exhibit 2 is a copy of the Amended Complaint in this action filed May 21, 2007.

8. By Order dated August 3, 2007, the Court directed that service of process on defendants Virgin Beauty and ATE be effected by personal delivery of a copy of the Summons and Complaint in this action to an officer, director, managing or general agent, or any other agent authorized by appointment or by law to receive service of process on defendants Virgin Beauty and ATE.

9. Annexed hereto as Exhibit 3 is a copy of a proof of service on defendant Virgin Beauty. According to the proof of service, defendant Virgin Beauty was personally served with a Summons and the Amended Complaint in this action on August 9, 2007.

10. Annexed hereto as Exhibit 4 is a copy of a proof of service on defendant ATE. According to the proof of service, defendant ATE was personally served with a Summons and the Amended Complaint in this action on August 9, 2007.

11. Annexed hereto as Exhibit 5 is a Certificate of Default as to defendant Virgin Beauty that was signed by the Clerk's Office on October 9, 2007, stating that defendant Virgin Beauty was properly served with the complaint and has failed to answer or appear.

12. Annexed hereto as Exhibit 6 is a Certificate of Default as to defendant ATE that was signed by the Clerk's Office on October 9, 2007, stating that defendant ATE was properly served with the complaint and has failed to answer or appear.

13. On information and belief, neither Virgin Beauty nor ATE is an infant or an incompetent.

14. Annexed hereto as Exhibit 7 is a proposed Final Judgment and Permanent Injunction Order against defaulting defendants Virgin Beauty and ATE. The proposed judgment does not award any damages.

15. Notice of the within application for issuance of default judgment has been provided to defendants Virgin Beauty and ATE by courier.

I, James W. Dabney, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  New York, New York                      s/James W. Dabney
        October 12, 2007                        James W. Dabney