EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

VIRGIN ENTERPRISES LIMITED,              :

                      Plaintiff,     :

        - against -         :

VIRGIN BEAUTY INDUSTRIES LTD.,     :
SUNG JIN CHON a/k/a "JAMES" CHON, WILLIAM    :
KIM d/b/a HAPPY BEAUTY TOWN, AFRICAN    :
ANGEL, INC., BUKKY HAMED d/b/a BUKKY    :
ENTERPRISES, ADEFOLORUNSHO TECHNICAL   :
ENTERPRISES LIMITED, JOHN KANG, and    :
BEAUTY AND COSMETIC NETWORK, CORP.,   :

                  Defendants.    :

------------------------------------------------------------------x

**ECF CASE**

07 Civ. 3340 (RJH)

**FIRST AMENDED COMPLAINT**

RECEIVED
MAY 2 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff Virgin Enterprises Limited, by its attorneys, Fried, Frank, Harris, Shriver &
Jacobson LLP, for its complaint in this action alleges:

## PARTIES AND JURISDICTION

     1.     Plaintiff Virgin Enterprises Limited ("VEL") is a corporation organized and existing
under the laws of England and Wales, having its principal place of business located at 120 Campden
Hill Road, London W8 7AR, England.

     2.     On information and belief, defendant Virgin Beauty Industries Ltd. ("VBI") is a
corporation organized and existing under the laws of Nigeria.  The street address of defendant VBI,
if any, is currently unknown to VEL; however, upon information and belief, defendant VBI
communicates with existing or potential distributors of spurious VIRGIN-branded products via
the e-mail address virginbeautyltd@hyperia.com.

3.      On information and belief, defendant Sung Jin Chon a/k/a "James" Chon is an individual resident of the State of New York, having an address at 44-11 69th Street, Woodside, Queens, New York.

4.      On information and belief, defendant William Kim d/b/a Happy Beauty Town is an individual resident of the State of New York, having a place of business at 1957 Third Avenue, New York, New York 10029.

5.      On information and belief, defendant African Angel, Inc., is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 908 Utica Avenue, Brooklyn, New York  11203.

6.      On information and belief, defendant Bukky Hamed d/b/a Bukky Enterprises, is an individual resident of the State of Texas, having an address at 14019 South Gessner, Houston, Texas 77489.

7.      On information and belief, defendant Adefolorunsho Technical Enterprises Limited is a corporation organizing and existing under the laws of Nigeria, having a place of business at Plot 9, Ijaodola Drive Sango Ota, Ogun State, Nigeria.

8.      On information and belief, defendant John Kang is an individual resident of the State of New York, having an address at 35-37 36th Street, Long Island City, New York 11106.

9.      On information and belief, defendant Beauty & Cosmetic Network, Corp. is a corporation organized and existing under the laws of New York, having a place of business at 35-37 36th Street, Long Island City, New York 11106.

10.     This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., the New York General Business Law § 360-l, and the common law of the State of New York.

11.    Jurisdiction of this Court is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a) 1338(a) and (b), and 28 U.S.C. § 1367. The parties are of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## FIRST CAUSE OF ACTION

12.    Plaintiff and related companies (collectively, the "Virgin Group") conduct numerous worldwide businesses under the trade name, trademark, and service mark VIRGIN. A description of Virgin Group company operations appears at the Internet web site associated with the domain name www.virgin.com. In the year ending December 31, 1999, Virgin Group companies employed more than 25,000 staff in twenty-six (26) countries and had worldwide sales revenues in excess of U.S. $5 billion.

13.    VEL's licensee, Virgin Atlantic Airways Limited ("VAA"), has provided VIRGIN-branded air travel, air freight, courier, cargo, and related services in United States commerce since 1984. VAA currently provides VIRGIN travel-related services utilizing a fleet of Boeing 747 and Airbus A340 aircraft providing daily departures to and from New York (JFK) and New Jersey (Newark), Boston, Washington, D.C., Orlando, Miami, Los Angeles, Las Vegas, and San Francisco. Passengers on board VIRGIN Flights are offered diverse VIRGIN-branded goods and services including VIRGIN cosmetics. A description of VAA operations appears at the Internet web site associated with the domain name www.virgin-atlantic.com.

14.    VEL's licensee, Virgin Entertainment Group ("VEG"), has provided VIRGIN-branded retail store services in United States commerce since 1992. VEG currently operates a chain of VIRGIN retail stores in major cities of the United States including locations in Arizona, California, Colorado, Florida, Illinois, Louisiana, Massachusetts, New York, Texas, and Utah. VIRGIN retail stores offer a broad range of VIRGIN-branded goods and services. A description of

- 3 -

VEG operations appears at the Internet web site associated with the domain name www.virginmegamagazine.com.

15.    VEL's licensee, Virgin Mobile USA, LLC ("VMU"), has offered VIRGIN-branded wireless telecommunications products and services in United States commerce since June 2002. VMU currently provides VIRGIN wireless services to more than one million subscribers located in more than 4,000 cities and communities located throughout the United States.  A description of VMU operations appears at the Internet web site associated with the domain name www.virginmobileusa.com.

16.    VEL is the owner of numerous trademark and service mark registrations of marks comprising the word VIRGIN including:

(a)    U.S. Reg. No. 1,597,386 for VIRGIN as applied to "printed sheet music; mounted photographs; posters, fictional and non-fictional books, biography and autobiography books, periodicals, namely, journals, paperback books all dealing with music, films and entertainment; paper for packaging, paper cases; stationery and office supplies, signs of paper or cardboard, playing cards" and "articles of outer clothing, namely, shirts, t-shirts, sweat shirts, jackets, hats, clothing caps, clothing belts";

(b)    U.S. Reg. No. 1,469,618 for VIRGIN as applied to "pre-recorded audio and/or video tapes, cassettes and cartridges; pre-recorded audio and video discs, phonograph records";

(c)    U.S. Reg. No. 1,851,817 for VIRGIN as applied to "transportation of goods and passengers by road and air, freight transportation services; travel agency services"; and "retail store services in the fields of cameras, records, audio and video tapes, computers and electronic apparatus, and watches, sheet music, books and photography, handbags, purses, luggage and leather goods, clothing, games, video game machines and video game cartridges";

(d)    U.S. Reg. No. 2,689,098 for VIRGIN as applied to "mobile telephones; telephones; modems; batteries; battery chargers; cigarette lighter adapters; dashboard mounts; hands-free headsets; carrying cases; belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services;

transmission or broadcast of news and information for others via telephone, including the Internet";

(e)     U.S. Reg. No. 2,675,758 for VIRGIN as applied to "articles of luggage, namely, garment bags; trunks; bags, namely, beach bags, hunters' game bags, handbags; mesh shopping bags and leather or leather imitation shopping bags, sling bags for carrying infants; briefcases; purses; walking sticks" and "gloves";

(f)     U.S. Reg. No. 2,586,162 for VIRGIN as applied to "articles of luggage, namely, suitcases; bags; namely, back packs, rucksacks, school bags, school satchels, traveling bags, sports bags, all purpose sports bags for campers and climbers, textile shopping bags; wallets; umbrellas and parasols";

(g)     U.S. Reg. No. 2,625,455 for VIRGIN as applied to "computerized communication services, namely, electronic mail services, and providing networks for the purpose of transmission and reception of electronic mail, computer generated music, news and other data and information; and broadcasting services by radio and over a global computer network of a wide variety of programs, namely, current events, economics, politics, sports, entertainment, the arts and business" and "providing an on-line shopping mall via a global computer network; providing business information via a global computer network";

(h)     U.S. Reg. No. 2,709,578 for VIRGIN (stylized) as applied to "sound records of music in the form of discs and tapes and cassettes; pre-recorded audio or video tapes, cassettes and cartridges featuring music; pre-recorded audio and video discs, phonograph records featuring music; data processors and displays; graphical interface to aid the delivery of interactive products and services by cable or wireless transmission; parts for the aforesaid goods; computer game software; computer software for educational computer games, for calculators, for global computer network access and for music products; computer hardware";

(i)     U.S. Reg. No. 1,591,952 for VIRGIN (stylized) as applied to "printed sheet music; fictional and non-fictional books, biography and autobiography books, periodicals, namely, paperback books all dealing with music, films and entertainment; paper for packaging, paper cases; writing instruments, namely, pens, pencils, ball point pens, stationery and office supplies, namely, writing paper, playing cards" and "articles of outer clothing, namely, shirts, t-shirts, sweat shirts, jackets, hats, clothing caps, clothing belts";

(j)     U.S. Reg. No. 1,517,801 for VIRGIN (stylized) as applied to "pre-recorded audio and/or video tapes, cassettes and cartridges; pre-recorded audio and video discs, phonograph records; photographic and cinematographic films";

- 5 -

(k)  U.S. Reg. No. 2,689,097 for VIRGIN (stylized) as applied to "mobile telephones, telephones; modems; batteries; battery chargers, cigarette lighter adapters; dashboard mounts; hands-free headsets; carrying cases; belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the Internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone including the Internet";

(l)  U.S. Reg. No. 1,852,776 for VIRGIN (stylized) as applied to "bars; rental of food service equipment; namely, vending machines; portrait and aerial photography; typesetting and printing services; and retail store services in the fields of cameras, records, audio and video tapes, computers and electronic apparatus, and watches, sheet music, books and photography, handbags, purses, luggage and leather goods, clothing, games, video game machines and video game cartridges";

(m)  U.S. Reg. No. 2,798,130 for VIRGIN (stylized) as applied to "playing cards, writing instruments, namely, pens, pencils and ball point pens"; "luggage"; "leisurewear, namely, fleece tops and shirts; articles of outer clothing, namely T-shirts, sweat shirts, jackets, hats, clothing caps"; "sporting articles, namely, golf tees"; "preparing advertising, promotions, and public relations materials for others; demonstration of the goods of others and the promotion thereof; and distribution and dissemination of advertising, promotional materials and sample materials of others"; "electronic transmission and display of information for business or domestic purposes from a computer stored data bank"; and "retail store services in the fields of records, audio and video tapes, computers and electronic apparatus and watches, books, luggage and leather goods, clothing, games, video game cartridges, and cafes";

(n)  U.S. Reg. No. 2,770,775 for VIRGIN MOBILE as applied to "mobile telephones, telephones and modems, and accessories therefore, namely, batteries; battery chargers; cigarette lighter adapters; hands-free headsets; carrying cases and belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet";

(o)  U.S. Reg. No. 2,770,776 for VIRGIN MOBILE (stylized) as applied to "mobile telephones, telephones and modems, and accessories therefore, namely, batteries; battery chargers; cigarette lighter adapters; hands-free headsets; carrying cases and belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet";

- 6 -

(p)    U.S. Reg. No. 1,039,574 for VIRGIN & Design as applied to "sound records in the form of discs and tapes and cassettes for use therewith";

(q)    U.S. Reg. No. 1,863,353 for VIRGIN MEGASTORE as applied to "retail department store services";

(r)    U.S. Reg. No. 2,870,028 for VIRGIN XTRAS as applied to "mobile telephones, computer software downloadable from the internet for transmission, reception and storage of voice, data and images, e-mail and digital information" and "telecommunications services, namely, transmission of voice, data, images, audio, video and information via telephone or the internet; personal communications services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet," and

(s)    U.S. Reg. No. 3,174,388 for VIRGIN as applied to "soaps; shampoos; non-medicated toilet preparations, namely soaps, shampoos, lotions, and moisturizers; antiperspirants; deodorants for use on the person; cosmetics namely, foundation creams and lotions; non-medicated preparations for the care of the skin, hands, scalp and body, namely, moisturizes, lotions, creams, soaps, gels; hair care preparations, namely, shampoos; non-medicated skin cleansing preparations, namely, cleansers, lotions, creams, soaps; creams and lotions for the skin.

17.    By reason of more than thirty (30) years of continuous and substantially exclusive use, as well as Virgin Group companies' expenditure of tens of millions of dollars in advertising and promotion, VEL's VIRGIN marks have come to be famous and to symbolize extensive goodwill, identifying Virgin Group companies and their founder, Sir Richard C.N. Branson. Interbrand in 1997 identified VIRGIN as one of The World's Top 100 Brands, ranking it in a tie with CANON, just below KLEENEX.

18.    Commencing at a time currently unknown to VEL, but long after VEL commenced use of VIRGIN in association with diverse goods and services offered in United States commerce, defendants commenced using VIRGIN on and in connection with "hair fertilizer" products and containers thereof sold, offered for sale, and distributed in United States commerce. Spurious VIRGIN-branded products sold, offered for sale, and distributed by defendants bear an exact copy of VEL's registered trademark, VIRGIN, with a false "®" symbol.

- 7 -

19.    The conduct of defendants is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with VEL, or as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by VEL.

20.    On information and belief, defendants' infringement of the VIRGIN trademark has been willful, wanton, and deliberate, and with full knowledge of VEL's prior use of VIRGIN in association with a broad range of goods and services offered in United States commerce.

21.    VEL believes that it is likely to be damaged by defendants' use of VIRGIN on or in connection with "hair fertilizer" or other hair or beauty care products.

22.    The conduct of defendants threatens VEL with irreparable harm for which VEL has no adequate remedy at law.

23.    Defendants are liable to VEL for registered trademark and service mark infringement in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION

24.    Paragraphs 1-23, above, are realleged and incorporated by reference as if set forth in full.

25.    Defendants are liable to VEL for violation of 15 U.S.C. § 1125(a)(1).

## THIRD CAUSE OF ACTION

26.    Paragraphs 1-26, above, are realleged and incorporated by reference as if set forth in full.

27.    By reason of more than thirty years of continuous, substantially exclusive, and extensive use, advertising, and promotion, VEL's VIRGIN mark was famous prior to defendants'

adoption and use of VIRGIN to designate the purported origin of "hair fertilizer" products distributed by defendants.

28.     The conduct of defendants is likely to injure VEL's business reputation and dilute the distinctive quality of VEL's famous VIRGIN name and mark.

29.     Defendants are liable to VEL for dilution in violation of 15 U.S.C. § 1125(c).

### FOURTH CAUSE OF ACTION

30.     Paragraphs 1-29, above, are realleged and incorporated by reference as if set forth in full.

31.     Defendants are liable to VEL for dilution under New York General Business Law § 360-l.

### FIFTH CAUSE OF ACTION

32.     Paragraphs 1-32, above, are realleged and incorporated by reference as if set forth in full.

33.     Defendants are liable to VEL for unfair competition, passing off, and misappropriation under New York law.

WHEREFORE, Plaintiff prays that the Court:

(i)     declare, adjudge, and decree that defendants are liable to VEL for registered trademark and service mark infringement in violation of 15 U.S.C. § 1114(1);

(ii)    declare, adjudge, and decree that defendants are liable to VEL for use of false designations of origin in violation of 15 U.S.C. § 1125(a);

(iii)   declare, judge, and decree that defendants are liable to VEL for dilution under 15 U.S.C. § 1125(c);

(iv)    declare, adjudge, and decree that defendants are liable to VEL for dilution

- 9 -

under N.Y. Gen. Bus. Law § 360-l;

(v)    declare, adjudge, and decree that defendants are liable to Plaintiff for unfair competition, passing off, and misappropriation under New York common law;

(vi)    grant preliminary and permanent injunctions restraining defendants from engaging in any further acts constituting trademark or service mark infringement, dilution, unfair competition, or misappropriation;

(vii)    award VEL compensatory damages as provided by law;

(viii)    award VEL statutory damages as provided by law;

(ix)    award VEL punitive damages as provided by law;

(x)    award VEL treble damages as provided by law;

(xi)    award VEL its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(xii)    award VEL such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 21, 2007

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By _____
    James W. Dabney (JD-9715)
    Julie E. Kamps (JK-6041)

One New York Plaza
New York, New York 10004-1980
Telephone:  212-859-8000

Attorneys for Plaintiff
Virgin Enterprises Limited

548907

- 10 -